UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| DIANE RANDOLPH, individually and as surviving spouse and n/o/k of RANDY RANDOLPH, deceased, | ) ) ) ) ) | |
| Plaintiff | ) ) | No. 3:16-2271 Judge Berg/Brown |
| v. | ) ) | **Jury Demand** |
| RD EXPEDITED, INC., *et al.*, | ) ) | |
| Defendants | ) | |
| | | |
| KIMBERLY BUTLER, *et al.*, | ) ) | |
| Plaintiff | ) ) | |
| | ) | No. 3:17-0984 |
| v. | ) ) | Judge Berg/Brown **Jury Demand** |
| RD EXPEDITED, INC., *et al.*, | ) ) | |
| Defendants | ) | |
| | | |
| DIANE RANDOLPH, individually and surviving spouse and n/o/k of Randy Randolph, deceased, | ) ) ) ) | |
| Plaintiff | ) ) | No. 3:17-1012 Judge Berg/Brown |
| v. | ) ) | **Jury Demand** |
| MGR EXPRESS, INC., *et al.*, | ) ) | |
| Defendants | ) | |

**PRELIMINARY SCHEDULING ORDER**

1

A lengthy telephone call was held with the parties in this matter September 25, 2017. Although it appears from the docket sheet that MGR Express, Inc. and Abdulnasir Abdirizak have been served with summonses in the 1012 case on July 29, 2017 (Docket Entry 6), and August 7, 2017 (Docket Entry 10). Neither of these Defendants has filed any notice of appearance or other response in the matter. Ms. Blackburn, counsel for RD Expedited, Inc. advised that on Friday she had been contacted by an attorney in Chicago concerning MGR Express, Inc. The attorney advised that he had just been contacted and was attempting to determine what insurance coverage was involved and whether he would be representing MGR Express or if other counsel would be secured. The Chicago counsel did not participate in the telephone call on September 25, 2017. Ms. Blackburn was requested to recontact the attorney and advise him that the Court strongly suggested that he contact Plaintiffs' counsel.

Plaintiff's counsel has not filed a motion for default, and in view of the possibility of an attorney entering an appearance, the Magistrate Judge would request that Plaintiffs' counsel not file a motion for default within 14 days of the entry of this order.

In the two earlier cases, depositions have been scheduled in early November for witnesses represented by Ms. Blackburn. Ms. Blackburn expressed a concern that she did not want to be put in a situation where her witnesses had to be deposed twice because of the late entry of MGR Express. Hopefully, the date of the depositions can be resolved through discussion between the attorneys. It would be

the Magistrate Judge's hope that the current dates, which had been worked out by all parties at the time, can be maintained.

After discussion with the parties, it appears that these cases should be consolidated for discovery and for trial. Henceforth, the parties should file all motions in the **3:16-2271** case.

The theory of the parties other than MGR Express and Abdulnasir Abdirizak is as follows:

A.   JURISDICTION:   The Court has jurisdiction pursuant to 28 U.S.C. Sec. 1332 (a)(1)-(2).

B.   BRIEF THEORIES OF THE PARTIES:

1)   PLAINTIFF: Diane Randolph brings claims for negligence, negligent hiring, retention and training, gross negligence and claims for punitive damages against the defendants as a result of crash that occurred July 8th, 2016 on State Route 840 in Williamson County, Tennessee. A tractor-trailer operated by the defendant driver Abdirahmaan while employed by motor carrier RD Expedited, Inc. hit the rear of one vehicle and continued on and slammed into the rear of the Model A Ford which was driven by Randy Randolph. Mr. Randolph's Model A Ford was sent careening off the road where it struck an embankment and landed him against the embankment wall. He survived while he was pinned in the vehicle but was unable to free himself, suffering excruciating pain. He ultimately was unable to survive and later died from the injuries he suffered in this crash.

Diane Randolph avers that RD Expedited, Inc., a motor carrier, lacked and did not enforce adequate policies to prevent distracted and fatigued driving of professional drivers. Instead, RD Expedited, Inc., reckless indifference to these practices actively encouraged and aided and/or abetted distracted, fatigued and unsafe driving, all of which contributed to cause the horrific and untimely death of Randy Randolph. Randy Randolph was a loving and respected family man and member of the Middle Tennessee Community whose life was taken by RD Expedited, Inc.

Diane Randolph brings claims for all damages available at law and equity for physical pain and suffering suffered by Randy Randolph, loss of consortium and the pecuniary value of her husband Randy Randolph and punitive damages.

2) DEFENDANTS: Defendants' theory:

On July 8, 2016, Abdulkadir Abdirahmaan was operating a Freightliner tractor trailer under the authority of and on behalf of RD Expedited, Inc. Defendants do not deny the vehicle operated by Abdirahmaan impacted the vehicle operated by Randy Randolph; however, Defendants deny Plaintiffs allegations against Abdirahmaan and RD Expedited, Inc. Defendants further aver that the acts and omissions of Kimberly Butler caused or contributed to cause the accident and injuries alleged by Plaintiff.

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES IN DISPUTE: Liability and damages.

E. INITIAL DISCLOSURES: The parties, with the exception of MGR Express and Abdulnasir Abdirizak, made their initial disclosures on or before **December 1, 2016**. Initial disclosures involving the parties in the 1012 case will be due **30 days** after the appearance by counsel for the respective Defendants in that case. Any stay on discovery in the 1012 case is **LIFTED**.

F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before **March 14, 2018**. No contested motions concerning discovery will be filed until the parties have conferred in good faith and scheduled a telephone conference with the Magistrate Judge about the matter. In scheduling the telephone conference the parties should confer with my courtroom deputy to select a date that is available for all parties and **one business day** prior to the telephone conference file a joint statement of the matter in dispute.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before **January 31 2018**.

H. DISCLOSURE OF EXPERTS: The respective Plaintiff shall identify and disclose all expert witnesses and expert reports on or before **March 21, 2018**. The respective Defendant shall identify and disclose all expert witnesses and reports on or before **April 20, 2018**.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before **May 21, 2018**.

J. JOINT MEDIATION REPORT: Although the parties have already participated in private mediation before The Honorable Barry Howard, the parties

are encouraged to continue ADR efforts in this case and shall make at least one additional effort at ADR on or before filing any dispositive motions in the matter.

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before **June 25, 2018**. Responses to dispositive motions shall be filed within **28 days** after the filing of the motion. Optional replies, limited to **five pages**, may be filed within **14 days** after the filing of the response. Briefs shall not exceed **25 pages**. No motion for partial summary judgment shall be filed except upon leave of Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

L. ELECTRONIC DISCOVERY: The parties anticipate reaching an agreement on how to conduct electronic discovery. Administrative Order No. 174 therefore need not apply to this case. However, in the absence of an agreement, the default standards of Administrative Order No. 174 will apply.

M. SUBSEQUENT CASE MANAGEMENT CONFERENCE: A further telephone conference to discuss modifications to the scheduling order or to the trial date is set for **10:00 a.m., November 20, 2017**. **To participate in the conference call, parties will call 877-873-8017 and enter Code 1958322# at the scheduled time.**

N. ESTIMATED TRIAL TIME: After consulting with Judge Berg, the pretrial conference and jury trial presently set in the 2271 case (Docket Entry 13) is CANCELED. The Magistrate Judge recommends a new trial date for a jury trial that is expected to take up to **four** days, be scheduled on or after **November 6, 2018.**[1]

/s/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge

---

[1] The parties have advised that criminal charges were brought against the driver of the tractor trailer. If a motion to stay proceedings in these cases because of the criminal charges will be filed, it should be filed as soon as practicable and should address whether discovery not related to the criminal case could continue regardless of the criminal charges.